Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

#99
Fee Pd
SI

FILED
2007 AUG 23 A 10: 57
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C07  04348  RS

| | |
|---|---|
| Mehrdad Heshami | Civil No. |
| Plaintiff, | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- | |
| Michael Chertoff, Secretary | |
| Emilio T. Gonzalez, Director, CIS | "Immigration Case" |
| Rosemary Melville, District Director | CIS NOs.    A075-516-628 |
| Frank Siciliano, Field Office Director | |
| Department of Homeland Security; | |
| Robert S. Mueller, Director | |
| Federal Bureau of Investigations | |
| Defendants. | |

COMES NOW Mehrdad Heshami, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.    This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                                          1

## PARTIES

2. Plaintiff Mehrdad Heshami is 44 years-old and is a citizen of Iran. He became a lawful permanent resident of the United States on April 9, 2001.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                            2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.*, and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 1285 Ayala Drive, Apt/Suite #3, Sunnyvale, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Mr. Heshami filed his application for naturalization on March 22, 2006, with the USCIS.

13. On April 21, 2006, Plaintiff Heshami had his fingerprints taken at the USCIS Application

COMPLAINT                                3

Support Center in San Jose, California.

14. On July 20, 2006, Plaintiff Heshami attended his naturalization interview with an Officer Morales at the San Jose USCIS. Although he passed the civics and English requirement, Plaintiff Heshami was told that a decision could not yet be made on his application.

15. On January 25, 2007, Plaintiff Heshami sent a letter to the USCIS requesting an update on his case as six months had passed since his naturalization interview.

16. On March 1, 2007, the USCIS sent Plaintiff Heshami a response stating that "[a] decision cannot be made about your application yet because your background investigation is still pending. Until the background investigation is completed, we cannot move forward on your case…[I]f you do not receive a notice of action from us within 6 months of this letter, please contact us."

17. On March 2, 2007, Plaintiff Heshami sent a letter to Congresswoman Anna Eshoo's office requesting her assistance and advise on his case.

18. On March 8, 2007, Plaintiff Heshami received a letter from Congresswoman Eshoo's office requesting additional information from him so that the Congresswoman's office could contact the USCIS and the FBI.

19. On March 27, 2007, Congresswoman Eshoo sent a letter to Plaintiff Heshami stating that her office had contacted the USCIS and the FBI on his behalf.

20. On June 13, 2007, Congresswoman Eshoo sent a letter to Plaintiff Heshami stating that the FBI informed her office that the Plaintiff's name check was still being actively reviewed by the FBI, and that once completed, the FBI would notify the USCIS.

21. On June 18, 2007, Plaintiff Heshami sent an inquiry letter to the California Service Center, and sent a letter to Officer Morales at the San Jose USCIS. He indicated that 11 months had passed since his naturalization interview, and no decision was yet made on his case. He requested a decision be made on his case so that he could move forward with his life plans, such as getting married.

COMPLAINT                                              4

22. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

23. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

24. Further, upon information and belief, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Heshami. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

25. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Mr. Heshami the right to vote, and the ability to marry and immigrate to the United States a foreign born wife in an expeditious manner.

26. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

## PRAYER

27. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a)    hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

    (b)    award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

COMPLAINT    5

(c)  grant such further relief at law and in equity as justice may require.

Dated: 8/22/07

Christina H. Lee
Attorney for Plaintiff

COMPLAINT                                6